UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| ROBERT A. FORTUNATI, ADMINISTRATOR OF THE ESTATE OF JOSEPH FORTUNATI, ROBERT A. FORTUNATI, SUSAN FORTUNATI, and MARK FORTUNATI, <br> Plaintiffs, <br> v. <br> ANDREW CAMPAGNE, MARC THOMAS, JEREMY HILL, TODD PROTZMAN, ROB SNETSINGER, KARL GARDNER, HUGH O'DONNELL, MIKE DUDLEY and WALTER GOODELL, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | File No. 1:07-CV-143 |

## RULING ON PLAINTIFFS' MOTIONS TO AMEND THE COMPLAINT AND MOTIONS TO DEPOSE
(Papers 65, 72 and 73)

I. Background

In this Section 1983 action, Plaintiffs sue members of the Vermont State Police and the State of Vermont alleging Defendants acted with gross negligence and recklessness, thereby creating a situation provoking the use of deadly force and Joseph Fortunati's death. This ruling responds to the Plaintiffs' following motions: (1) Motion to Amend the Complaint (Paper 65); (2) Motion to Depose Linda Elliot, Ed Hathaway and Steven Shapiro (Paper 72); and (3) Motion to Compel and Re-Depose (Paper 73). For the following reasons, the Court DENIES Plaintiffs' Motion to Amend the Complaint, GRANTS IN PART and DENIES IN PART

1

Plaintiffs' Motion to Depose Linda Elliot, Ed Hathaway and Steven Shapiro, and DENIES Plaintiffs' Motion to Compel and Re-Depose.

II. Analysis

    A. Motion to Amend the Complaint

Plaintiffs seek to amend the Complaint by adding a Defendant, Robert Evans, and adding a cause of action entitled "Respondeat Superior." This Court adopted a scheduling order under Federal Rule of Civil Procedure 16 limiting when new parties may be joined and the Complaint amended. "Rule 16(b) [] may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243 (2d Cir. 2007). Under Rule 16(b), a party may obtain modification of the scheduling order only "upon a showing of good cause." Id. "[A] finding of 'good cause' depends on the diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).

        1. Addition of Robert Evans as a Defendant

The scheduling order in this case required the parties to complete joinder of additional parties and complaint amendments by July 1, 2008. See Paper 49. The most recent scheduling order requires all discovery to be completed by June 1, 2009. See Paper 69-2. The deadline for joining parties passed almost a year ago and the final discovery deadline is rapidly approaching.

Plaintiffs had sufficient opportunity to learn of Evans's role in the operation through numerous documents available before and during litigation. Because Plaintiffs have not shown good cause for failing to add Evans as a defendant prior to the July, 2008 deadline, the motion is denied.

    2. <u>Addition of "Respondeat Superior" Cause of Action</u>

The Court rejects the proposed addition of a "Respondeat Superior" cause of action because it is futile. <u>Jones v. N.Y. State Div. of Military & Naval Affairs</u>, 166 F.3d 45, 55 (2d Cir. 1999) (holding district did not abuse its discretion in denying leave to amend the complaint under Fed. R. Civ. P. 15(a) where amendment was futile). There is no cause of action for "<u>Respondeat Superior</u>," which is simply a theory of pass-through liability. To the extent Plaintiffs are basing the claim on 42 U.S.C. § 1983, the claim fails because "<u>respondeat superior</u> cannot form the basis for a § 1983 claim." <u>Hemmings v. Gorczyk</u>, 134 F.3d 104, 105 (2d Cir. 1998) (<u>citing</u> <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 122-23 (1992)).

  B.  <u>Motions to Depose</u>

The Federal Rules of Civil Procedure limit the number of depositions in any case to ten per side. Fed. R. Civ. P. 30(a)(2)(A)(I). A party may exceed this limit only with leave from the Court. <u>Id.</u>

1.  <u>Steven Shapiro</u>

Plaintiffs first seek leave to depose Steven Shapiro. Shapiro conducted the autopsy of Joseph Fortunati, issued a report and had photographs taken. The Court will allow this deposition, but advises Plaintiffs of the June 1, 2009 discovery deadline in the parties' March 31, 2009 Scheduling Order.

2.  <u>Linda Elliot and Ed Hathaway</u>

Plaintiffs next seek leave to depose Linda Elliot and Ed Hathaway. Elliot and Hathaway are Vermont state employees who encountered Joseph Fortunati a day before his death. The Court denies leave because the testimony is not relevant. Fourth Amendment excessive force analysis turns on whether, based on the information known to them at the time they acted, the Defendants' actions were reasonable. <u>See</u> <u>Salim v. Proulx</u>, 93 F.3d 86, 92 (2d Cir. 1996) ("The reasonableness inquiry depends only upon the officer's knowledge of circumstances immediately prior to and at the moment he made the split-second decision to employ deadly force."). The Tactical Services Unit ("TSU") members learned the details of Elliot and Hathaway's encounter with Fortunati only through reports from Vermont State Police Officers. Plaintiffs already have access to these reports. This request is therefore denied.

### 3. Motion to Re-Depose TSU Members and Psychologist Kenneth Kelly

Plaintiffs also move the Court to order the deposition of TSU members and psychologist Kenneth Kelley for the limited purpose of asking about Kelly's "de-briefing" of TSU members. According to Kelly's declaration, this "critical incident de-briefing" was a clinical process discussing the TSU members' participation in Joseph Fortunati's death for purposes of evaluating the event's clinical impact and providing treatment. Kelly Decl. at ¶¶ 3-5. Kelly advised TSU members that their discussions during therapy were confidential. Id. at ¶ 5.

Federal common law governs the existence and scope of privileges in federal cases premised on federal question jurisdiction. Fed. R. Evid. 501. Under federal law, confidential communications made in the course of diagnosis or treatment by a licensed psychologist are protected from disclosure by the patient-psychotherapist privilege. Jaffee v. Redmond, 518 U.S. 1, 18 (1996). Because the communications between Kelly and the TSU members fall clearly within the ambit of the patient-psychotherapist privilege, the Court denies Plaintiffs' motion to depose Kelly or TSU members concerning their conversations during the de-briefing.

### III. Conclusion

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Amend the Complaint, GRANTS IN PART and DENIES IN PART

Plaintiffs' Motion to Depose Linda Elliot, Ed Hathaway and Steven Shapiro, and DENIES Plaintiffs' Motion to Compel and Re-Depose.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of May, 2009.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge