```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT
```

ROBERT A. FORTUNATI,                  :
Administrator of the Estate of        :
Joseph Fortunati, ROBERT A.           :
FORTUNATI, SUSAN FORTUNATI,           :
and MARK FORTUNATI,                   :
                                      :
        Plaintiffs,                   :
                                      :
        v.                            :     File No. 1:07-CV-143
                                      :
ANDREW CAMPAGNE, MARC THOMAS,         :
JEREMY HILL, TODD PROTZMAN,           :
ROB SNETSINGER, KARL GARDNER,         :
HUGH O'DONNELL, MIKE DUDLEY,          :
and WALTER GOODELL,                   :
                                      :
        Defendants.                   :

## ORDER ON PLAINTIFFS' MOTION FOR PARTIAL FINAL JUDGMENT
                     (Paper 103)

On December 29, 2009, this Court granted in part and denied in part Defendants' motion for summary judgment. Paper 101. Plaintiffs now move for a partial final judgment under Rule 54(b), to the extent the ruling on summary judgment dismissed their claims. Paper 103. The Court assumes familiarity with the facts and background of this case.

Rule 54(b) of the Federal Rules of Civil Procedure states:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The decision to enter partial final judgment under Rule 54(b) is "committed to the sound discretion

of the district court," and is reviewed for abuse of discretion. L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 86 (2d Cir. 1998).

The Second Circuit has provided guidance on how to exercise this discretion, however, repeatedly noting the "'historic federal policy against piecemeal appeals,'" O'Bert ex rel. O'Bert v. Vargo, 331 F.3d 29, 40-41 (2d Cir. 2003) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)), and cautioning as follows:

> [T]he court's power to enter a final judgment before the entire case is concluded, in order to permit an aggrieved party to take an immediate appeal, [should] be exercised sparingly. The district court should bear in mind that "[n]ot all" dismissals of "individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."

Id. (quoting Curtiss-Wright Corp., 446 U.S. at 8) (final alteration in original). In particular, the Second Circuit has noted "certification should be "granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. at 41 (internal quotation and citation omitted).

Here, Plaintiffs point to no significant hardship or injustice that would result from having to wait until final resolution of the case for their appeal. In their two-page motion, Plaintiffs simply assert "Having a full jury trial on the wrongful arrest claim only to return for a second full jury trial

2

on the Estate's claim, should the Estate receive a favorable appellate court ruling, would be an unreasonable expense and an imposition on the Court, all parties, and the witnesses." Paper 103 at 2.

The Court is not convinced that the prospect of two separate trials justifies an immediate appeal in this case. First, Plaintiffs' scenario is speculative. Defendants correctly point out that many paths remain open in this litigation, Paper 104 at 5, and Plaintiffs' scenario relies on the assumption that this Court's summary judgment ruling would be overturned on appeal. Second, entering partial final judgment would create the possibility of multiple appeals, which is disfavored. See, e.g., Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991) ("It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case."). Third, Plaintiffs' scenario of multiple trials does little to distinguish this case in terms of hardship or injustice. See, e.g., Spiegel v. Tr. of Tufts Coll., 843 F.2d 38, 46 (1st Cir. 1988) ("Virtually any interlocutory appeal from

a dispositive ruling said to be erroneous contains the potential for requiring a retrial."). Fourth, the remaining claims in this case can be resolved relatively quickly, so there is little harm in waiting for a unified final appeal. See Harriscom Svenska, 947 F.2d at 630 ("There is no indication that the remaining proceedings . . . would be abnormally protracted, and hence no indication that adherence to the normal timetable for appellate review of the dismissal of the four contract claims would cause Harriscom any hardship or injustice."); Okemo Mtn., Inc. v. Sikorski, No. 1:93-CV-22, 2007 WL 624064, at *1 (D. Vt. Feb. 23, 2007).

Having considered the parties' motions, the Court declines to find "there is no just reason for delay" under Rule 54(b). Accordingly, Plaintiffs' motion for partial final judgment is DENIED.

Dated at Brattleboro, in the District of Vermont, this 8th day of March, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge